WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Edmundo Andrada-Pastrano,<br><br>  Movant/Defendant,<br><br>v.<br><br>USA,<br><br>  Respondent/Plaintiff. | CV-14-02608-PHX-JAT<br>CR-12-00877-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Movant's motion to vacate, set aside, or correct sentence. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Motion be denied. (Doc. 14).[1] Petitioner has filed objections to the R&R (Doc. 15) and a request to supplement (Doc. 16). This Court will review the portions of the R&R to which there is an objection de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

**Procedural History**

As recounted in the R&R, Petitioner pleaded guilty on December 5, 2013 before a Magistrate Judge. (R&R at 2). On December 23, 2013, this Court adopted the findings and recommendations of the Magistrate Judge regarding the guilty plea. (R&R at 3-4). On April 14, 2014, Movant's counsel moved to withdraw. (R&R at 4). This Court granted that motion and appointed new counsel. (R&R at 4). On June 4, 2014, this Court sentenced Movant. (R&R at 4). Now pending before this Court is Movant's motion to

---

[1] All docket number are in the civil case unless otherwise noted.

1  withdraw from his plea (and presumably proceed to trial) because his plea was not
2  knowingly and voluntarily entered.  (R&R at 5-6).  Movant premises this argument on
3  various theories of ineffective assistance of counsel.  (R&R at 6).

4  As the R&R notes, Movant was sentenced to 57 months under the plea agreement.
5  (R&R at 5).  If Movant prevails on this motion and is later convicted at trial, he could be
6  sentenced to life in prison.  (R&R at 3).

7  **Legal Standard**

8  As the R&R discusses, Movant, via his plea agreement, waived his right to
9  collaterally attack his sentence, including bringing this motion.  (R&R at 7-9).  Thus,
10 Movant may only bring this motion if he can show that his claims support an argument
11 that his plea agreement was not knowingly and voluntarily made.  (R&R at 8-9).  If
12 Movant cannot make this showing, his waiver of his right to collaterally attack his
13 sentence is enforceable, and the Court will not reach the merits of his Motion.  (R&R at
14 8).  Movant has eight theories of ineffective assistance of counsel and one theory of
15 prosecutorial misconduct which he claims support his argument that his plea was not
16 knowingly and voluntarily made.  *See* (Objections at 6-31).

17 The R&R goes through each theory of ineffective assistance of counsel argued by
18 Movant.  The R&R applies *Strickland v. Washington*, 466 U.S. 668 (1984).  (R&R at 9-
19 10).  Movant objects to the application of *Strickland* in this case because he argues that
20 his plea counsel had a conflict of interest and therefore all of his arguments should be
21 analyzed under *Cuyler v. Sullivan,* 446 U.S. 335, (1980).  (Objections at 4).  Petitioner is
22 correct that in certain circumstances, *Cuyler* is the appropriate standard to use for
23 ineffective assistance of counsel claims specifically premised on a conflict of interest.

24  > A defendant's Sixth Amendment right to effective assistance of counsel
25  > "includes the entitlement to representation that is free from conflicts of
   > interest." *United States v. Wells,* 394 F.3d 725, 733 (9th Cir. 2005). To
26  > establish a violation of this right, a defendant "must demonstrate that an
   > actual conflict of interest adversely affected his lawyer's performance." *Id.*
27  > (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, (1980)).

28 *Murdaugh v. Ryan*, 724 F.3d 1104, 1123 (9th Cir. 2013).

Movant presumes his claims are covered by *Cuyler* because Movant presumes his counsel has a conflict of interest. It is true that when Movant's counsel withdrew, counsel stated that he had a conflict of interest at that time that necessitated withdrawal. Doc. 614 in CR 12-877. However, Movant makes no showing that at the time his counsel advised him to plead guilty, or at the change of plea hearing, counsel was already suffering from a conflict of interest. "To make out [a *Cuyler*] claim, 'a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' *Cuyler,* 446 U.S. at 348." *Bemore v. Chappell*, 788 F.3d 1151, 1161-62 (9th Cir. 2015). Here, because Movant made no objection at sentencing, and still fails to show that his counsel had an actual conflict during representation, the Court finds *Strickland* governs Movant's claims. Thus, this objection is overruled.[2]

Moreover, the reason Movant wants his claims to be considered under *Cuyler* rather than *Strickland* is because Movant wants prejudice to be "presumed," rather than Movant being required to show prejudice. (Objections at 4). However, in this case, counsel never engaged in joint representation of co-defendants as was this issue in *Cuyler*; thus, the prejudice prong of *Strickland* must still be proven by Movant. Specifically:

> In *Mickens v. Taylor,* the Supreme Court revisited the conflict issue and clarified its holding from *Cuyler.* The Supreme Court stated that the general rule requiring a showing of prejudice consistent with the standard set forth in the familiar *Strickland* standard still applies in the conflict context and identified *Cuyler* as an exception to this general rule applicable in cases of multiple representation. *See* 535 U.S. 162, 176, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). The Court characterized the *Strickland* prejudice requirement as an additional element for a conflict claim not involving multiple representation. *See id.* at 174. Therefore, under *Cuyler, Bonin,* and *Rich,* petitioner must demonstrate that an actual conflict adversely affected counsel's performance. Under *Mickens,* petitioner must also demonstrate actual prejudice with respect to the outcome of the trial.

---

[2] The R&R recounts the showing Movant must make under *Strickland* at pages 9-10.

*Edwards v. Scribner*, 2007 WL 2729068, at *8 (E.D. Cal. Sept. 18, 2007) *report and recommendation adopted,* 2008 WL 619063 (E.D. Cal. Mar. 5, 2008). Accordingly, even if Movant's legal objection was sustained, Movant would still be required to show the prejudice prong of an ineffective assistance of counsel claim.

**Request for Evidentiary Hearing**

Movant objects to the R&R's conclusion that no evidentiary hearing is required on Movant's ineffective assistance of counsel claims. (Objections at 5). Movant argues that this Court erred by allowing his counsel to withdraw in the underlying case without a hearing. *Id*. Movant's theory on this § 2255 Petition is that his counsel's alleged conflict of interest caused deficient performance. Movant's argument that he requires an evidentiary hearing now to determine whether this Court should have permitted counsel to withdraw in April 2014 (seemingly suggesting no actual conflict really existed) is irrelevant to the claims in Movant's currently pending motion because the claims are based on the premise that counsel had a conflict. In other words, the Court has accepted that at the time of counsel's withdrawal, there was a conflict of interest.

Moreover, plea counsel's motion to withdraw was served on Movant on April 9, 2014. At sentencing on June 4, 2014 (with new counsel), Movant raised no objections about prior counsel being allowed to withdraw, did not seek to withdraw from the plea, and did not seek a continuance (even though the Court offered one) to potentially raise these or any other issues. Thus, Movant's request now for an evidentiary hearing to effectively seek reconsideration of this Court's April 14, 2014 Order permitting withdrawal is untimely. *See* LR Crim. 12.1(a) incorporating LR Civ. 7.2 (LR Civ. 7.2(g) requires motions for reconsideration to be filed within 14 days).

Accordingly, no evidentiary hearing is necessary and this objection is overruled. *See* (R&R at 10-11).

**Alleged Ineffectiveness of Sentencing Counsel (Ground 3)**

Movant claims his sentencing counsel was ineffective in two ways. (R&R at 8, 11). In his objections, Movant focuses on counsel's failure to obtain more information

- 4 -

about the deferred adjudication out of Texas and alleged errors in the presentence report. (Objections at 29-31). These issues would not have impacted whether the plea was knowingly and voluntarily entered; thus, the Objection is overruled because it is barred by Movant's waiver of his right to collaterally attack his sentence. Thus, relief on this theory is denied. Further, Movant's request to supplement (Doc. 16) to add more evidence regarding this theory is denied because additional evidence would not change the outcome.

**Seven Claims of Ineffective Assistance of Plea Counsel (Ground 1)**

**1.    Counsel's alleged failure to pursue issues relating to the Traffic Stop**

The R&R discusses this issue at pages 11-14. The R&R concludes that counsel's performance was not deficient regarding the traffic stop. Movant objects and argues his counsel should have filed a motion to suppress. (Objections at 6-7). As the R&R notes, counsel did file a motion to suppress. Moreover, an additional motion to suppress as identified by Movant would likely have been futile; and, regardless, was based on a case decided after Movant decided to plead guilty. (R&R at 12-13). The R&R concludes that because counsel's performance is not judged based on hindsight, this argument fails for this alternative reason. (*Id*). This Court agrees with the R&R that counsel's performance was not deficient. Accordingly, the plea was not rendered not knowing and voluntary based on this argument.

**2.    Counsel's alleged failure to determine benefits to cooperating informant**

Movant argues that the informant received a benefit regarding a tax lien that his counsel failed to investigate. (R&R at 14-15). The R&R notes that counsel was aware of the alleged tax fraud and filed a motion to suppress the wiretap arising from the tax issues (because of Movant's plea, the Court never resolved this motion). (*Id*). The Court agrees with the R&R that counsel's performance regarding the issue of the informant and the benefit was not deficient. (*Id*).

Movant's objection that counsel should have done more with respect to the wiretap is overruled. (Objection at 7-12). Specifically, Movant continues to offer no evidence that he was intercepted on the wiretap or had standing to challenge the wiretap; accordingly, any arguments he claims counsel should have made in this regard would have been futile. (R&R at 15). Because counsel's performance was not deficient, this theory of ineffective assistance also failure to show the plea was not knowing and voluntary; and relief based on this theory is denied.

### 3. Counsel alleged failure to argue judicial bias

Initially, Movant argued that the undersigned was biased based on a "reputation" for "never" granting motions to suppress. (R&R at 16). The R&R noted that this reputation was not true, and alternatively would not have provided a basis for a motion to recuse regardless. (R&R at 16-17). Therefore, counsel was not ineffective for not bringing a motion to recuse. (*Id*).

In his objections, Movant now argues that because the undersigned does grant motions to suppress, as noted in the R&R, his counsel was ineffective for not filing one. (Objections at 12-14). However, as already discussed above, with respect to the traffic stop, a further motion to suppress would have been futile. Accordingly, this objection is overruled. The Court agrees with R&R that counsel was not deficient in this regard; thus, the plea was still knowing and voluntary.

### 4. Counsel's alleged failure to investigate the section 851 enhancement

Movant argues that his counsel was deficient for not investigating and obtaining a ruling from the trial court prior to his plea as to whether his deferred adjudication out of Texas could have been an enhancement to his sentence. (R&R at 17). The R&R concludes the Texas deferred adjudication could have been a valid enhancement; therefore, counsel was not deficient for cautioning Movant about it potentially increasing his sentence after trial. (R&R at 17-27).

Movant objects and argues that the enhancement was barred for various reasons. (Objection at 14-18). For the reasons stated in the R&R, the Court finds the enhancement

was not per se barred, and counsel's performance regarding the potential § 851 enhancement was not deficient. (R&R at 20-27).

**5.    Counsel's alleged deficient performance regarding the career offender guidelines.**

Movant argues his counsel's performance was deficient for advising him that he could be sentenced under the career offender guidelines. (R&R at 25). The R&R concludes that counsel's advice was accurate; therefore, counsel's performance was not deficient. (R&R at 25-27).

Movant objects and argues that his attorneys in his 1994 conviction and 1991 conviction also had conflicts of interest. (Objections at 20-23). Thus, he concluded that the 1994 conviction should not count against him. (Objections at 23). For the legal reasons stated in the R&R with regard to the Texas conviction (R&R at 26-27), the Court similarly finds that Movant could not collaterally attack his 1994 in this case. Therefore, his counsel was not deficient for failing to do so and relief on this claim is denied because nothing in this argument renders Movant's plea not knowing and voluntary.

**6.    Counsel's alleged failure to raise the buyer/seller defense**

Movant argues his counsel should have investigated the buyer/seller defense to the conspiracy count against him. (R&R at 27). The R&R concludes that the 169.4 pounds of marijuana seized in Movant's case foreclosed counsel from arguing that the drugs were for personal use under the buyer/seller defense. (R&R at 27-29).

Movant objects and argues he was not a member of the whole conspiracy. (Objections at 18-20; 24-25). For the reasons stated in the R&R (at 28-29), the evidence in this case foreclosed any buyer/seller defense and counsel's performance was not deficient for failing to argue otherwise. Accordingly, this argument fails to render the plea not knowing and voluntary.

**7.    Co-Defendants' plea status**

Movant argues that his counsel lied to him about whether his co-defendants had signed plea agreements. (R&R at 29). The R&R concludes that the record reflects that

counsel's representations were accurate and that even if inaccurate the representation did not prejudice Movant. (*Id* at 29-30).

Movant objects and argues that the Magistrate Judge should have gone through the record and determined the date each plea was signed. This objection is overruled. Nothing in Movant's argument regarding the status of his co-defendants would render his plea not knowingly and voluntarily made. Therefore, relief on this basis is denied.

**Alleged Failure to Disclose Evidence by the Prosecution (Ground 2)**

Movant argues his plea was not knowingly and voluntarily entered because he was constructively denied counsel by the prosecutor's failure to give certain evidence to his counsel. (R&R at 30). Because the evidence at issue was potentially impeachment evidence of a witness, rather than exculpatory evidence for Movant, the failure to disclose it did not render the plea not knowingly and voluntarily made. (R&R at 31 (citing *Sanchez v. United States*, 50 F.3d 1448 (9th Cir. 1995); *United States v. Ruiz*, 536 U.S. 622, 633 (2002))).

Movant objects and argues that the evidence would have been material. (Objections at 27-29). Even if Movant's factual assertion is true, the law requires the evidence to be exculpatory to impact whether a plea is not knowing and voluntary. (R&R at 31). Movant makes no argument that the evidence is exculpatory. Accordingly, the objection is overruled and relief is denied on this claim.

**Conclusion**

Based on the foregoing, the Court finds that the plea agreement was knowingly and voluntarily entered into by Movant. Accordingly, the waiver of the right to collaterally attack the sentence is enforceable, and the Court will deny the motion to vacate, set aside or correct sentence on this basis. *See* (R&R at 2-4; 7-9). Thus,

**IT IS ORDERED** that the Motion to Supplement (Doc. 16) is denied for the reasons stated above.

**IT IS FURTHER ORDERED** that the R&R (Doc. 14) is accepted and adopted. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is denied, with prejudice,

1    and the Clerk of the Court shall enter judgment accordingly.

2    **IT IS FINALLY ORDERED** that, in the event an appeal is filed, a certificate of appealability is denied because the Motion is precluded by a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable or wrong; alternatively, Movant did not make a substantial showing of the denial of a constitutional right.

Dated this 11th day of April, 2016.

James A. Teilborg
Senior United States District Judge